J-S06021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN SANDERS | : | |
| | : | No. 925 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order Entered February 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0222741-1988,
CP-51-CR-0226571-1988, CP-51-CR-0226611-1988,
CP-51-CR-0226651-1988

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 23, 2018**

Appellant, Kevin Sanders, appeals *pro se* from the February 22, 2017 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court"), denying his petition for *habeas corpus* relief, which the PCRA court treated as a serial, untimely Post Conviction Relief Act ("PCRA") petition.[1] Sanders seeks relief from the judgment of sentence of an aggregate term of 36 years to 72 years' imprisonment, imposed on August 7, 1989, following his conviction of five counts of robbery and five counts of criminal conspiracy.[2] On appeal, he contends the PCRA court erred in characterizing his *habeas corpus* petition as a PCRA petition; all cases stating that the PCRA's time

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3701 and 903, respectively.

restriction is jurisdictional do so in *dicta*; and the Remedies Clause of Article I § 11 of the Pennsylvania Constitution requires courts to afford him a remedy for his claim that PCRA counsel was ineffective. We affirm.

The relevant procedural history underlying this appeal is as follows. On January 11 and 19, 1989, Sanders was convicted by a jury of the above-stated offenses. On August 7, 1989, he was sentenced to an aggregate term of 36 years to 72 years' imprisonment. On April 26, 1995, this Court affirmed the judgment of sentence on direct appeal and on November 8, 1995, the Supreme Court of Pennsylvania denied allowance of appeal. **Commonwealth v. Sanders**, 663 A.2d 253 (Pa.Super. 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1129 (Pa. 1995).

Sanders filed his first *pro se* PCRA petition in October 1996. In that petition he raised numerous claims of ineffective assistance of trial and appellate counsel. Counsel was appointed and eventually filed a **Finley** letter asserting that no meritorious claims existed.[3] Sanders filed objections to the **Finley** letter and on May 12, 1997, the PCRA court rejected counsel's **Finley** letter and ordered counsel to consult with Sanders. Counsel then submitted a supplemental **Finley** letter which the court accepted. Sanders did not file objections to the supplemental **Finley** letter. Subsequently the court denied the PCRA petition and granted counsel leave to withdraw.

---

[3] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1983) (*en banc*).

Thereafter, Sanders filed several PCRA petitions, all of which were denied. On November 13, 2015, he then filed his so-called "*Habeas*" petition that gave rise to this appeal. In the petition, Sanders alleged that his first PCRA counsel was ineffective for failing to amend and brief his *pro se* petition to include a challenge to the legality of consecutive sentences imposed for multiple counts of criminal conspiracy. Additionally, he alleged that trial and appellate counsel failed to properly raise and preserve the above issues. He further alleged that prior PCRA counsel was ineffective for failing to challenge appellate counsel's deficient performance in failing to raise on direct appeal, meritorious issues that were properly preserved by trial counsel by way of post-verdict motions.

The PCRA court treated the petition as a PCRA petition and dismissed it as untimely on February 22, 2017. The PCRA court did not direct Sanders to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Sanders raises the following issues:

I.    Did the lower court err in treating appellant's petition for writ of *habeas corpus ad subjiciendum* as a petition pursuant to the Post Conviction Relief Act?

II.   Are prior appellate courts' assertions, that the PCRA's time restriction is jurisdictional, *dictum*, not based on proper statutory analysis and contrary to legislative intent?

III.  Does the Remedies Clause of Article I § 11 of the Pennsylvania Constitution mandate that courts of this Commonwealth provide criminal defendants with a formal

> remedy for purposes of vindicating their rule-based right to the effective assistance of PCRA counsel?

Appellant's Brief at 4.

Sanders claims that his petition below was properly a petition for writ of *habeas corpus* because it sought relief for his claim that PCRA counsel was ineffective, and such claims are not covered under the PCRA. We disagree. The writ of *habeas corpus* has for most purposes been subsumed in the PCRA. ***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa.Super. 2006). The PCRA is the sole means by which a criminal defendant may seek collateral relief, including for claims that counsel, including PCRA counsel, was ineffective. 42 Pa.C.S.A. § 9542.[4] As the Commonwealth correctly notes, ineffective assistance of counsel claims, including challenging the effectiveness of PCRA counsel, are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii). Thus the PCRA court properly treated Sanders' so-called "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" as a PCRA petition.

We next address Sanders' claim regarding the PCRA's time limitation for the filing of a PCRA petition. All claims cognizable under the PCRA, including ineffectiveness claims, must be filed within one year of the date the judgment becomes final unless a statutory exception to the one-year time bar applies. 42 Pa.C.S.A. § 9545(b); ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127

---

[4] "The action established in this subchapter **shall** be the **sole** means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including habeas corpus** . . . ." 42 Pa.C.S.A. § 9542 (emphasis added).

- 4 -

(Pa. 2005). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking direct review. 42 Pa.C.S.A. § 9545(b)(3).

The one-year deadline does not apply only if the petitioner pleads and proves at least one of the three limited exceptions to the one-year time bar:

(i)     [T]he failure to raise the claim previously was the result of the interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    [T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   [T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Allegations of ineffective assistance of counsel do not overcome the jurisdictional timeliness requirements of the PCRA. **Wharton**, 886 A.2d at 1127. A petition invoking an exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Sanders fails to allege any of the exceptions apply here and instead claims that statements in prior cases that the PCRA's time bar is jurisdictional are *dicta* and that cases containing those statements were wrongly decided.

This argument is meritless. The Supreme Court of Pennsylvania and this Court have repeatedly **held** that the PCRA's timeliness requirements are jurisdictional. *See Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003); *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (holding that where petitioner fails to satisfy PCRA time requirements, court has no jurisdiction to entertain the petition); *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007) (holding that trial court lacked jurisdiction to review post-conviction petition filed more than one year after judgment of sentence became final). We are in no position to disagree.

Sanders' final argument is that the PCRA's time bar is unconstitutional as applied to him because it deprives him of a remedy in violation of Article I Section 11 of the Pennsylvania Constitution.[5] To the contrary, a PCRA petitioner has a remedy for PCRA counsel's ineffectiveness. A petitioner may raise PCRA counsel's alleged ineffectiveness after receiving counsel's withdrawal letter or after receiving Pa.R.Crim.P. 907 notice of intent to dismiss. *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009). Failing to raise an ineffectiveness of counsel claim prior to the appeal of the underlying PCRA results in a waiver of the claim. *Commonwealth v. Smith*, 121 A.3d 1049, 1054 (Pa.Super. 2015). Even where a petitioner has waived

---

[5] "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1, § 11.

the claim of ineffectiveness, if a subsequent timely PCRA is filed or the petitioner pleads and proves that one of the exceptions to the time bar applies, a claim of PCRA counsel's ineffectiveness may be pursued. ***Commonwealth v. Jette***, 23 A.3d 1032, 1044 n.14 (Pa. 2011).

Here, Sanders was afforded the opportunity to claim ineffectiveness of counsel when he received the supplemental ***Finley*** letter filed by counsel for his first PCRA. Sanders did not respond by raising in the PCRA court any claim that PCRA counsel was ineffective. Instead, he filed a Notice of Appeal. As such, he waived the ineffectiveness of PCRA counsel. His waiver does not exempt him from the PCRA's time requirements, and it does not convert his claim into a petition for writ of *habeas corpus* or constitute a violation of the Remedies Clause. ***See Commonwealth v. Turner***, 80 A.3d 754, 770-71 (Pa. 2013) (holding Remedies Clause did not require court to afford remedy to petitioner who failed to utilize PCRA procedures to seek relief during time she was statutorily eligible).

Sanders' reliance on ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013) and ***Commonwealth v. Henkel***, 90 A.3d 16 (Pa.Super. 2014) (*en banc*), is misplaced. Neither of those cases involved untimely PCRA petitions and therefore are irrelevant to our analysis. Sanders' reliance on ***Martinez v. Ryan***, 566 U.S. 1 (2012), is likewise misplaced, as it relates exclusively to federal *habeas* review procedures which are obviously not at issue here. Therefore, we affirm the PCRA court's decision to dismiss the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/18